Donald Marquies & Co.
vs.
Nora A. Lynch et al.

No. 91644.

May 28, 1934.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $800.10.

This is an action to recover the reasonable worth of labor performed and materials furnished the defendants in the remodelling of their property at 601 Broadway in the City of Providence.

In May, 1933, the plaintiff entered into a contract with the defendants under which some work was done and some materials furnished. The defendants, displeased with the character of the work given them, took the contract away from the plaintiff, paid off some of those who had worked on

the building and hired another contractor to complete the work.

This suit is brought by the plaintiff, Marquies, to recover for his own services, the wages of some of his men who were not paid by the defendants and for lumber furnished by him. The bill of particulars contains the following items:

(a) Labor, Donald Marquies, 57 days, 420 hours at $1.00 per hour . . . . . . . . . . $420.00

(b) Filling in lot in rear . . . . . . . . . . 15.00

(c) Removing ashes from basement.... 20.00

(d) Labor and materials from Baldwin & Ladd Co....... 276.31

(e) Labor, Percy Cates 21.50

(f) Labor, William Phillips. . . . . . . . . . 52.00

$804.81

The testimony as to items (b), (c), (e) and (f), either establishes those items or is so conflicting that the Court cannot properly disturb the finding of the Jury as to them.

As to item (d), the testimony of the defendants show clearly that lumber to the amount of $261.57 was used by Marquies or was left by him upon defendants' land and was presumably later used in the remodeling of defendants' house.

As to item (a), which is the amount claimed for the plaintiff's own labor, there is testimony that about $146.60 had to be spent for labor and material to rectify what the plaintiff and his men had done prior to the time when the work was stopped by the defendants.

The testimony, the Court thinks, strongly shows that much of the plaintiff's work was done in an unworkmanlike manner. It also shows that more or less secondhand lumber was used, contrary to the provisions of the contract.

It also appears that the defendants paid to men who had worked under Marquies, the sum of $354.65.

There is testimony, which appears dependable, strongly indicating that Marquies, personally, did not spend as much time upon the property as his hours of work would require.

Considering all of the testimony, including that of the experts who testified as to the value of the plaintiff's work, the amount required to repair defective work and the evidence as to plaintiff's time spent upon the job, the Court thinks the maximum amount which the jury could properly award upon the evidence as to this item is the sum of $220.

Unless the plaintiff remit within four days all of the verdict in excess of $616.62, a new trial is granted. If such remittitur be filed, defendants' motion is denied.

For plaintiff: Arthur L. Conaty, I. H. Press.

For defendants: John F. Conaty, A. Louis Rosenstein.